IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | |
|---|---|
| SHARON GIBSON, | ) |
| Plaintiff, | ) Civil Action No. 5:19-cv-00214-FL |
| vs. | ) |
| URBAN MINISTRIES OF WAKE COUNTY, INC., | ) **ANSWER ON BEHALF OF DEFENDANT URBAN MINISTRIES OF WAKE COUNTY, INC.** |
| Defendant. | ) |

Defendant Urban Ministries of Wake County, Inc. ("Urban Ministries") hereby answers the correspondingly numbered paragraphs of Plaintiff's Complaint. Any allegation that is not expressly admitted is hereby denied.

## NATURE OF THE CASE

Urban Ministries admits that Plaintiff Sharon Gibson ("Plaintiff") purports to bring this action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the common law of the State of North Carolina. Urban Ministries further admits that Plaintiff is seeking damages from Urban Ministries in this matter. Urban Ministries denies that it has violated the ADEA, Title VII, or the common law of the State of North Carolina, and denies that Plaintiff is entitled to any of the damages sought in this matter. Except as expressly admitted, the allegations in the paragraph titled "Nature of the Case" are denied.

## PARTIES AND JURISDICTION

1. Urban Ministries admits that Plaintiff is an African-American female. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of the allegations about where Plaintiff is a citizen and resident and denies them on that basis. Except as expressly admitted, the allegations of Paragraph 1 are denied.

2. Urban Ministries admits that it is incorporated in North Carolina and that it operates in Raleigh, North Carolina. The remaining allegations in Paragraph 2 call for a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

3. Urban Ministries admits that jurisdiction is proper in this Court. Except as expressly admitted, the allegations of Paragraph 3 are denied.

4. Urban Ministries admits that jurisdiction is proper in this Court. Except as expressly admitted, the allegations of Paragraph 4 are denied.

5. Urban Ministries admits it has employed more than fifteen (15) persons at all times relevant to this matter. To the extent Plaintiffs are alleging in Paragraph 5 that Urban Ministries meets any statutory or common law definition of an "employer", those allegations call for legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

6. Urban Ministries admits that venue is proper in this Court. Except as expressly admitted, the allegations of Paragraph 6 are denied.

7. Paragraph 7 calls for legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

8. Urban Ministries incorporates by reference its responses to the prior paragraphs as if set forth herein verbatim.

9. Urban Ministries admits that it operates the Helen Wright Center ("HWC"), which is an emergency women's shelter located in the Raleigh, North Carolina metropolitan area that provides services to women in need, including safe, secure overnight shelter, meals, comprehensive case management and access to work opportunities, life skills classes, and referral to legal clinics, mental and physical health care and alcohol and substance abuse treatment. Except as expressly admitted, the allegations of Paragraph 9 are denied.

10. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and denies them on that basis. Except as expressly admitted, the allegations of Paragraph 10 are denied.

11. Urban Ministries admits that Gibson was formerly employed as a staff member at HWC. Except as expressly admitted, the allegations of Paragraph 11 are denied.

12. Urban Ministries admits that it terminated Plaintiff's employment, but denies that her termination occurred on August 4, 2017. Except as expressly admitted, the allegations of Paragraph 12 are denied.

13. Admitted upon information and belief.

14. Denied.

15. Denied.

16. Urban Ministries admits that it hired Lisa Williams ("Williams") as Director of Crisis Programs in or around November 2015. Urban Ministries further admits that Williams is a Caucasian female. Except as expressly omitted, the allegations of Paragraph 16 are denied.

17. Urban Ministries admits that Gibson was supervised by Dawn McCullough ("McCullough") from November 2015 until the termination of her employment with Urban Ministries. Urban Ministries further admits that McCullough held the position of Housing Manager at HWC during that time. Except as expressly admitted, the allegations of Paragraph 17 are denied.

18. Urban Ministries admits that HWC residents have occasionally behaved in a disrespectful manner towards HWC staff. Except as expressly admitted, the allegations of Paragraph 18 are denied.

19. Urban Ministries admits that it is a responsibility of HWC staff to ensure the safety of HWC residents. Except as expressly admitted, the allegations of Paragraph 19 are denied.

20. Urban Ministries admits that, during Plaintiff's employment, there were multiple resident complaints based on alleged mistreatment of residents by HWC staff members, including Plaintiff. Except as expressly admitted, the allegations of Paragraph 20 are denied.

21. Urban Ministries admits that acceptable behavior by HWC staff members towards residents was a subject discussed during several staff meetings at which Williams was present. Except as expressly admitted, the allegations of Paragraph 21 are denied.

22. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and denies them on that basis. Except as expressly admitted, the allegations of Paragraph 22 are denied.

23. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and denies them on that basis. Except as expressly admitted, the allegations of Paragraph 23 are denied.

24. Urban Ministries admits that, during one staff meeting, Williams left while McCullough was discussing the last meeting agenda item, which was about scheduling. Except as expressly admitted, the allegations of Paragraph 24 are denied.

25. Urban Ministries admits that Williams notified HWC staff that they were not permitted to evict HWC residents unless there was a safety concern. Urban Ministries further admits that Williams directed HWC overnight staff to note issues with residents in a daily log book, so that Case Management staff could address the issues the following day. Except as expressly admitted, the allegations of Paragraph 25 are denied.

26. Denied.

27. Urban Ministries admits that it's Executive Director and Board decided to award bonuses to all employees of Urban Ministries in or around February 2017. Urban Ministries further admits that McCullough, along with all other employees of Urban Ministries, received this bonus on or about February 9, 2017. Urban Ministries denies that the bonus was based on McCullough's job performance. Except as expressly admitted, the allegations of Paragraph 27 are denied.

28. Urban Ministries admits that McCullough sent an email to Williams and Peter Morris on July 10, 2017, the content of which speaks for itself. Except as expressly admitted, the allegations of Paragraph 28 are denied.

29. Urban Ministries admits that, at some point after the July 10, 2017 email, Williams did ask for more information about a potential meeting previously mentioned by McCullough. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's assertion that this occurred on July 13, 2017, and denies that allegation on that basis. Except as expressly admitted, the allegations of Paragraph 29 are denied.

30. Urban Ministries admits that on or about July 18, 2017, Williams notified McCullough that there would be a meeting on August 4, 2017 at 2:00 p.m. and that McCullough and other HWC staff were requested to attend. Except as expressly admitted, the allegations of Paragraph 30 are denied.

31. Denied.

32. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and denies them on that basis. Except as expressly admitted, the allegations of Paragraph 32 are denied.

33. Urban Ministries denies that Plaintiff's termination occurred on August 4, 2017. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 and denies them on that basis. Except as expressly admitted, the allegations of Paragraph 33 are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Urban Ministries is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and denies them on that basis. Except as expressly admitted, the allegations of Paragraph 38 are denied.

39. Denied.

40. Denied.

## CLAIMS FOR RELIEF
### (Alleged Age Discrimination)

41. Urban Ministries incorporates by reference its responses to the prior paragraphs as if set forth herein verbatim.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Urban Ministries admits that Exhibit A to Plaintiff's Complaint appears to show a filed date of July 2, 2018. Urban Ministries further avers that the contents of Exhibit A to Plaintiff's Complaint speak for themselves.

48. Urban Ministries admits that Exhibit B to Plaintiff's Complaint appears to show a date of mailing of July 2, 2018. Urban Ministries further avers that the contents of Exhibit B, including but not limited to the statement contained therein stating "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge", speak for themselves.

49. Denied.

## COUNT II
### (Alleged Wrongful Termination)

50. Urban Ministries incorporates by reference its responses to the prior paragraphs as if set forth herein verbatim.

51. Denied.

52. Denied.

53. Denied.

54. Urban Ministries further denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in "PRAYER FOR RELIEF" paragraph of the Complaint, including all subparts.

**DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Any purported Title VII claim fails to meet the pleading requirements of Twombly and Iqbal and must be dismissed on that basis.

3. Each and every allegation contained in Plaintiff's Complaint, not specifically admitted herein, is denied in its entirety. Urban Ministries further denies that Plaintiff is entitled to any of the relief set forth in her prayer for relief, including all subparts.

4. Plaintiff fails to establish all necessary elements of each of her claims for relief, and therefore, they fail as a matter of law.

5. Plaintiff cannot establish a *prima facie* case of discrimination or retaliation under Title VII, the ADEA, or the common law of the State of North Carolina, and her claims fail on that basis.

6. Any employment decisions made with respect to Plaintiff by Urban Ministries were based on legitimate, non-discriminatory factors and not based on any unlawful reasons.

7. Plaintiff cannot establish that the reasons proffered by Urban Ministries for its actions towards her were pretextual.

8. Plaintiff's Title VII and ADEA claims are barred because she did not properly exhaust her administrative remedies with the EEOC as to such claims against Urban Ministries.

9. Plaintiff's Title VII and ADEA claims are barred because Plaintiff failed to timely file a Charge of Discrimination with the EEOC within the applicable statute of limitations for such claim.

10. To the extent Plaintiff asserts ADEA or Title VII claims against Urban Ministries not identified in her EEOC Charge or beyond the scope of her EEOC Charge, such claims in this lawsuit are improper and must be dismissed.

11. Any recovery under Title VII would be subject to the damages cap found in 42 U.S.C. § 1981a(b)(3).

12. Plaintiff cannot recover compensatory or punitive damages under the ADEA, as compensatory and punitive damages are not available under the ADEA.

13. Plaintiff is not entitled to liquidated damages because Urban Ministries at no time engaged in willful discriminatory conduct, nor did it at any time engage in discriminatory conduct or conduct with malice or a reckless indifference to Plaintiff's rights.

14. Plaintiff's discrimination and retaliation claims are barred because Urban Ministries exercised reasonable care to prevent and correct promptly any alleged discrimination or retaliation, and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Urban Ministries and otherwise failed to avoid harm.

15. Plaintiff was an at-will employee of Urban Ministries who could be discharged with or without cause, and with or without notice. Urban Ministries however, had cause to terminate Plaintiff.

16. Urban Ministries asserts this action against it is frivolous, unreasonable, and groundless and, accordingly, Urban Ministries is entitled to attorneys' fees and other costs associated with the defense of this action. 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k).

17. Without admitting any wrongful conduct, Urban Ministries asserts that Plaintiff's damages, if any, should be offset by any subsequent earnings obtained by Plaintiff. Likewise, to the extent Plaintiff has failed to mitigate her damages, if any, Plaintiff's recovery of damages is barred, or alternatively, should be reduced.

18. Plaintiff's wrongful discharge public policy claim fails because she failed to identify a public policy of this State that was allegedly violated by her termination.

19. Plaintiff's wrongful discharge public policy claim fails because Plaintiff has statutory remedies.

20. Urban Ministries asserts the defenses of the after-acquired evidence doctrine, *res judicata*, and the doctrines of waiver, latches and estoppel, as these defenses may be developed during the course of this litigation.

21. Each of the Plaintiff's claims is barred to the extent it is filed beyond the applicable statute of limitations.

22. Urban Ministries would show the claims for punitive damages cannot be had because any award of punitive damages would violate its equal protection and due process rights as guaranteed by the United States and North Carolina Constitutions.

23. All actions taken against Plaintiff by Urban Ministries were neither willful nor wanton, were made without malice or reckless disregard for any protected rights (if any) and were consistent with business judgment, and thus punitive damages are not warranted.

24. Urban Ministries made good faith efforts to comply with applicable employment laws and applicable policies and procedures designed to prevent and correct any alleged discrimination or retaliation in the workplace. Consequently, Plaintiff cannot recover punitive damages against Urban Ministries based on allegations of discrimination or retaliation.

25. Urban Ministries asserts any and all legal or equitable defenses that currently exist and/or may be discovered hereafter to any and all claims asserted by Plaintiffs against Urban Ministries. Urban Ministries reserves the right to specifically assert other defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays unto the Court as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiffs have and recover nothing from Defendant;

3. That the costs of this action, including a reasonable attorney's fee, be taxed to the Plaintiff; and

4. For such other relief as may be deemed just and proper.

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/Amy Y. Jenkins*
Amy Y. Jenkins, N.C. Bar No. 20007
735 Johnnie Dodds Blvd, Suite 200 (29464)
Post Office Box 650007
Mt. Pleasant, South Carolina 29465
Telephone: (843) 576-2900
Email: amy.jenkins@mgclaw.com
ATTORNEYS FOR DEFENDANT

May 20, 2019

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | |
|---|---|
| SHARON GIBSON, | ) |
| | ) Civil Action No. 5:19-cv-00214-FL |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) **CERTIFICATE OF SERVICE** |
| URBAN MINISTRIES OF WAKE | ) |
| COUNTY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

I hereby certify that I have this 20th day of May, 2019, I electronically filed the foregoing *Answer On Behalf of Defendant Urban Ministries of Wake County, Inc.* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> James E. Hairston, Jr., Esquire
> Hairston Lane, P.A.
> 434 Fayetteville Street, Suite 2350
> Raleigh, North Carolina 27601
> (919) 838-5295
> Email: jhairston@hlbnclaw.com
> ***ATTORNEYS FOR PLAINTIFF***

> McANGUS GOUDELOCK & COURIE, L.L.C.
>
> *s/Amy Y. Jenkins*
> Amy Y. Jenkins, N.C. Bar No. 20007
> 735 Johnnie Dodds Blvd, Suite 200 (29464)
> Post Office Box 650007
> Mt. Pleasant, South Carolina 29465
> Telephone: (843) 576-2900
> Email: amy.jenkins@mgclaw.com
>
> ATTORNEYS FOR DEFENDANT