IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DAWN MCCULLOUGH, CLARA MEEKINS, ANITA FLEMING, and ELLA GODLEY,<br><br>    Plaintiffs,<br><br>v.<br><br>URBAN MINISTRIES OF WAKE COUNTY, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:19-CV-213-BO |
| SHARON GIBSON,<br><br>    Plaintiff,<br><br>v.<br><br>URBAN MINISTRIES OF WAKE COUNTY, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:19-CV-214-BO |

O R D E R

These matters are before the Court on defendant's motions to consolidate the cases.[1]

Defendant has moved in case No. 5:19-CV-214-BO to partially dismiss plaintiff Sharon Gibson's

complaint [DE 5], and Ms. Gibson has moved to voluntarily dismiss her complaint without

prejudice. [DE 12]. The motions are all ripe for disposition. For the reasons that follow, Ms.

Gibson's motion to voluntarily dismiss her complaint without prejudice is GRANTED,

---

[1] DE 6, *McCullough, et al. v. Urban Ministries of Wake County, Inc.*, No. 5:19-CV-213-BO; DE
8, *Gibson v. Urban Ministries of Wake County, Inc.*, No. 5:19-CV-214-BO.

defendant's partial motion to dismiss is DENIED, and defendant's motions to consolidate are DENIED AS MOOT.

## BACKGROUND

In June 2018, plaintiffs Dawn McCullough, Clara Meekins, Anita Fleming, and Ella Godley filed suit in the Superior Court of Wake County, North Carolina, alleging age discrimination under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621, *et seq.*, and wrongful termination in violation of North Carolina public policy. A few months later, plaintiff Sharon Gibson filed her complaint in the same court, alleging the same claims. Defendant removed both cases to this Court and moved to consolidate the actions.

Defendant has also moved to partially dismiss Ms. Gibson's age discrimination claim, arguing that the claim is time-barred because Ms. Gibson did not timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Ms. Gibson has since moved to voluntarily dismiss her entire complaint without prejudice in order to preserve her state-law claim for wrongful termination. Defendant has not consented to the dismissal without prejudice.

## DISCUSSION

Plaintiff Gibson seeks dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides that a plaintiff may voluntarily dismiss an action by court order on terms that the court considers proper. Dismissal under this provision operates as a dismissal without prejudice. When deciding whether to grant a motion to voluntarily dismiss, a court considers factors such as (1) the opposing party's effort and expense, (2) whether there was excessive delay and lack of diligence by the plaintiff, (3) the stage of the litigation, and (4) the sufficiency of the explanation for the need of a dismissal. *Miller v. Terramite Corp.*, 114 Fed.

App'x 536, 539 (4th Cir. 2004). Courts must focus primarily on the defendant's interests in considering a motion under Rule 41(a)(2). *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The decision to grant such a motion lies within the court's discretion. *Id.* Ms. Gibson has demonstrated that a dismissal without prejudice is appropriate. Accordingly, her complaint is dismissed without prejudice.

Given that Ms. Gibson's complaint is dismissed without prejudice, defendant's partial motion to dismiss Ms. Gibson's ADEA claim is denied as moot. Additionally, given that Ms. Gibson's case must be closed and only one case—involving Ms. McCullough, Ms. Meekins, Ms. Fleming, and Ms. Godley—remains for adjudication, defendant's motions to consolidate are also denied as moot.

## CONCLUSION

For the above reasons, Ms. Gibson's motion to voluntarily dismiss her complaint without prejudice is GRANTED, defendant's partial motion to dismiss Ms. Gibson's ADEA claim is DENIED, and defendant's motions to consolidate in both of the above-captioned cases are DENIED AS MOOT. The Clerk is DIRECTED to enter this order in both of the above-captioned cases and to close case No. 5:19-CV-214-BO.

SO ORDERED, this *14* day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3